UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

NATALIE P.,[1]            )
                          )
    Plaintiff,            )
                          )
    v.                    )   CIVIL NO. 2:20cv436
                          )
KILOLO KIJAKAZI, Acting   )
Commissioner of Social Security, )
                          )
    Defendant.            )

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and Supplemental Security Income (SSI) under Title XVI of the Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law

Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

2. The claimant has not engaged in substantial gainful activity since June 18, 2018, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: multiple sclerosis with vision problems and degenerative disc disease of the cervical spine (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work, that is: lift, carry, push, and/or pull up to 10 pounds occasionally, less than 10 pounds frequently; stand and/or walk up to two hours in an eight-hour workday, sit up to six hours in an eight-hour workday with normal breaks. She can never climb ladders, ropes, or scaffolds; occasional ramps, but no stairs; occasional balance, stoop, but never kneel, crouch, or crawl; no exposure to unprotected heights or moving mechanical parts; no commercial driving; no exposure to wet, slippery, or uneven surfaces; no overhead reaching with the bilateral upper extremities; frequent reaching in all other directions and frequent handling and fingering with the bilateral upper extremities.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 6, 1978 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual

> functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 18, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 11-24).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on July 16, 2021. On August 16, 2021 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not finding that her multiple sclerosis ("MS") met the requirements of Listing 11.09. Listing 11.09 describes MS, characterized by A or B:

> A. Disorganization of motor function in two extremities (see 11.00D1) resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or
>
> B. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a) and in one of the following:
>
>> 1. Understanding, remembering, or applying information (see 11.00G3b(i)) or
>>
>> 2. Interacting with others (see 11.00G3b(ii)); or
>>
>> 3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>>
>> 4. Adapting or managing oneself (see 11.00G3b(iv)).

In this case, the ALJ found that the requirements of Listing 11.09 were not met, noting that no treating or examining physician had identified any diagnostic findings that would satisfy this listing (Tr. 20). The ALJ's finding is supported, in part, by the opinions of Drs. Sands and Whitley, and also by the other evidence of record which the ALJ discussed (Tr. 21, 88, 102).

The burden of demonstrating that an impairment meets or equals a listed impairment rests with the claimant. *Knox v. Astrue*, 327 Fed. App'x 652, 655 (7th Cir. 2009). In asserting that the ALJ erred at step 3, Plaintiff does not identify or discuss the Listing criteria. It is well established that "[f]or a claimant to show that his impairment matches a listing, it must meet all of the

5

specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Nor does Plaintiff explain what evidence of record she thinks demonstrates that all of the precise criteria of the Listing are met—namely, she does not identify evidence showing either marked or extreme limitations in functioning. Rather, she points to a list of symptoms that relate to the listing in a general way. Thus the Commissioner argues that Plaintiff has not met her burden to demonstrate marked or extreme limitations in functioning such that the ALJ should have found her to be presumptively disabled under Listing 11.09.

Plaintiff asserts that the ALJ erred in the weight assigned to medical source opinions. Dr. Sands reviewed the medical evidence of record that was available to him as of April 16, 2019 (Tr. 85-90). He then concluded that Plaintiff could perform sedentary work, could stand and/or walk for 2 hours out of an 8-hour workday, and could sit for about 6 hours in an 8-hour workday (Tr. 89). In addition, he found multiple postural limitations (Tr. 89 - 90). Further, he opined that Plaintiff should avoid concentrated exposure to unprotected heights or heavy machinery (Tr. 90). Dr. Whitley reviewed that evidence and he also reviewed additional evidence from Dr. Vyas consisting of a neurological examination performed on April 30, 2019 (Tr. 119, 556 - 61). After reviewing that evidence, Dr. Whitley affirmed Dr. Sands' assessment (Tr. 119).

The Commissioner contends that the ALJ reasonably found that the opinions of Drs. Sands and Whitley were generally persuasive, in that they were supported by the objective evidence that they had available to them and were well-explained (Tr. 22). The ALJ correctly noted that these two doctors did not have access to later-submitted evidence from other sources—and that such evidence demonstrated that Plaintiff was more limited than these doctors had found (Tr. 22).

Specifically, the ALJ found that Plaintiff could never climb ladders, ropes, or scaffolds, whereas Drs. Sands and Whitley found Plaintiff could do so occasionally (Tr. 22, 89, 104). The ALJ found that Plaintiff could not climb stairs at all; the doctors found she could do so occasionally (Tr. 22, 89, 104). The ALJ found Plaintiff could never kneel, crouch or crawl; the doctors found she could do so occasionally (Tr. 22, 90, 104). Also, the ALJ imposed additional restrictions that the State agency doctors did not. That is, the ALJ limited Plaintiff to no commercial driving; no exposure to wet, slippery, or uneven surfaces; no overhead reaching with the bilateral upper extremities; frequent reaching in all other directions; and frequent handling and fingering with the bilateral upper extremities (Tr. 22).

Plaintiff contends that the ALJ "incorrectly determined that the opinions of these two doctors were generally persuasive," but she identifies nothing in the ALJ's weighing process that constitutes legal error. Plaintiff argues that the opinion of her treating neurologist, Dr. Vyas, should have been given more weight. Dr. Vyas signed a "Physical Assessment" form on August 9, 2019 (Tr. 577-78). On the form, Dr. Vyas often opted to identify the most extreme limitations the form provided (Tr. 577 - 78). In finding this opinion not persuasive, the ALJ observed that Dr. Vyas merely checked boxes and provided no written support to explain why he selected the limitations he did (Tr. 22). In addition, the ALJ noted that the opinion was not supported by the objective evidence contained in his own treatment records—nor was it consistent with the evidence from other sources (Tr. 22). The ALJ gave as examples to support her conclusions certain facts that she had presented in detail earlier in the decision (Tr. 21, 22). In so doing, the ALJ also noted that Plaintiff had normal motor function and sensation and had frequently been in no distress, and cited to substantial evidence contained in Exhibits 3F, 6F, 7F, 10F, 11F, and 14F

7

(Tr. 22).

In criticizing the weighing of Dr. Vyas's opinion, Plaintiff alleges that the ALJ failed to address findings stemming from the June 2018 MRIs of the brain and cervical spine. However, the record shows that the ALJ did consider the pertinent findings from these two MRIs (Tr. 21). Plaintiff also alleges that the ALJ focused primarily on the normal findings. In fact, the ALJ presented a balanced view of the evidence. For instance, the ALJ considered that Plaintiff's doctors diagnosed MS in June 2018, after an MRI of the brain revealed demyelinating disease (Tr. 21). The ALJ noted that the cervical spine MRI also revealed degenerative changes (Tr. 21). The ALJ considered evidence of slightly decreased visual acuity; occasional tenderness in the cervical and/or thoracic spine; occasional decreased (4/5) strength throughout her body, including in both legs; occasional decreased range of motion in the cervical and lumbar spine, action, tremors, a spastic, unsteady, and/or wide-based gait (Tr. 21). The ALJ then appropriately went on to note counter-balancing findings in the evidence (Tr. 22). In evaluating this evidence, the ALJ provided the exhibit numbers of the evidence for reference.

Plaintiff points to the multiple symptoms she alleged, such as fatigue and vision problems, characterizing them as disabling. However, these symptoms are not *per se* disabling in and of themselves, and they cannot alone be the basis for finding disability. *See* 20 C.F.R. § 404.1529(a) ("However, statements about your pain or other symptoms will not alone establish that you are disabled."). Rather, the relevant inquiry is the degree to which the symptoms impede functioning with respect to work-related activities. *See* 20 C.F.R. § 404.1545(a). Here, the ALJ acknowledged that Plaintiff's symptoms impeded functioning to a certain extent, such that Plaintiff was limited to sedentary work with a number of other postural, environmental, and manipulative limitations.

8

However, as the ALJ explained in her decision, Plaintiff's functioning was not so impeded as to render her disabled within the meaning of the Act and regulations.

Plaintiff also argues that the ALJ's Step 5 finding is not supported by substantial evidence. The ALJ found, based on VE testimony, that even with Plaintiff's functional limitations, she could still perform the representative sedentary, unskilled occupations of order clerk, charge account clerk, and information clerk (Tr. 23, 64 - 69).

Plaintiff states that the VE eventually ruled out the jobs identified above when presented with a limitation to only occasional reaching and handling with the left upper extremity. However, Plaintiff fails to note that the change to only occasional reaching and handling in the hypothetical question resulted in the VE testifying that were two other jobs at the sedentary level of exertion that an individual with such limitations could still perform (call out operator and surveillance system monitor) (Tr. 66 - 67). Thus, an individual who was limited in this regard would still not be disabled.

Plaintiff contends that if she were limited to standing and walking less than two hours and sitting less than 6 hours in an 8-hour work day, and had to lie down throughout the workday, VE testimony establishes that she would be unable to do any work (Tr. 70, 71). However, the ALJ addressed in her decision the additional limitations that Plaintiff presented to the VE (Tr. 24). The ALJ explained that the limitations were more restrictive than the RFC and were not supported by the evidence of record. The ALJ was not required to present to the VE limitations that were not supported by substantial evidence of record. *See Turpin v. Colvin*, 750 F. 3d 989, 993 (7th Cir. 2014). Moreover, in suggesting that the ALJ erred by not incorporating these more restrictive limitations, Plaintiff points to no evidence to undermine the ALJ's well-formulated RFC.

It is not disputed that MS is, as Plaintiff points out, a progressive and debilitating disease. However, a diagnosis alone does not establish functional limitations. *See Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998). Plaintiff was first diagnosed with MS in June of 2018, and the evidence of record does not demonstrate that the disease has progressed to the point of being disabling. As substantial evidence supports the ALJ's decision, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: October 1, 2021.

                                                           s/ William C. Lee
                                                           William C. Lee, Judge
                                                           United States District Court